UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Darcy D. Green and Melissa Green,
individually and as husband
and wife,

      Plaintiffs,

v.

BNSF Railway Company,
a Delaware corporation,

      Defendant.

MEMORANDUM OPINION
AND ORDER
Civil No. 09-1406

_____

    Michael Weiner, Yaeger, Jungbauer & Barczak, PLC, Counsel for Plaintiffs.

    Megan K. Ricke and Rodney A. Honkanen, Ricke & Sweeney, P.A., Counsel for Defendant.

_____

Plaintiff Darcy Green was injured while riding his ATV during the early morning hours of June 17, 2007 near Felton, MN, when he collided with a concrete pillar that remained from a former railroad bridge. In their Complaint, Plaintiffs Darcy Green and his wife Melissa Green allege that Darcy was injured as a result of Defendant's negligence in maintaining a hazardous condition caused by failure to remove the concrete pillar and failing to warn of this

1

condition.

Defendant brings this motion for summary judgment on the basis that the portion of the abandoned rail line upon which Darcy Green was injured had been sold to Alden and Diana Brendemuhl on April 2, 2007. The Brendemuhl's conduct farming operations on the land.

**Standard for Summary Judgment**

Summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The party seeking summary judgment bears the burden of showing that there is no disputed issue of material fact. Celotex, 477 U.S. at 323. This burden can be met "by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." Id. at 325. The party opposing summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

**Analysis**

To verify that Defendant did not own the subject property at the time of the accident, Defendant had a survey conducted. The survey shows that the north line of the property sold to the Brendemuhls is north of the bridge remains and the ditch the former bridge traversed. (Affidavit of Tedd Mattke.)

Minnesota law provides that generally, the prior owner of real estate is not liable to a purchaser or third person for an injury caused by the condition of the premises existing at the time the purchaser took possession. <u>Carlson v. Hampl</u>, 284 Minn. 85, 87, 169 N.W.2d 56, 57 (Minn. 1969); <u>Friberg v. Fagan</u>, 404 N.W.2d 400, 402 (Minn. 1987). The exception to this general rule imposes liability on the former owner of real estate where the purchaser did not know of the condition and the former owner knew or had reason to know of the condition and realized the risk and had reason to believe the purchaser would not discover the condition or realize the risk. <u>Friberg</u>, at 402 (citing Restatement (2d) Torts § 353(1)(a) and (b)). Defendant further argues that no liability will attach to the former owner of real estate who did not engage in conscious deception and believed the purchaser would discover the condition upon a routine inspection before purchase. Restatement (2d) Torts § 353, comment d. Defendant argues

that the concrete pillars were, and are, open and obvious.

Plaintiffs respond that Defendant should be held liable for Darcy Green's injury because it is common practice to use abandoned rail lines as recreational trails, therefore Defendant should have realized the risk involved in leaving the concrete pillars in place. Plaintiffs cite to Restatement (2d) Torts § 321 - which provides:

> If the actor does an act, which at the time he has no reason to believe will involve an unreasonable risk of causing bodily harm to another, but which, because of a change of circumstances or fuller knowledge acquired by the actor, he subsequently realizes or should realize as involving such a risk, the actor is under a duty to use reasonable care to prevent the risk from taking effect.

Defendant argues this Restatement section is not applicable here and the Court agrees. As Defendant is no longer the owner of the premises at issue, Defendant no longer has the right to enter the premises to cure any deficiency or provide safeguards. Section 353 of the Restatement takes this limitation into consideration, however. See <u>Stalter v. Iowa Resources, Inc.</u>, 468 N.W.2d 796, 798 (Iowa 1991) (recognizing that the rationale underlying Restatement (2d) Torts §§ 352 and 353 is that a former owner of real estate no longer has control over the property and cannot enter the property to provide safeguards).

Plaintiffs further argue that if the Court finds that Restatement (2d) Torts § 353 applies, additional discovery must be completed. Plaintiffs argue that there are four requirements to the exception to the general rule which provides a former owner of property is not liable for injuries caused on said property. These requirements are: 1) the vendor concealed or failed to disclose to the vendee the condition of the land which involves unreasonable risk to persons on the land; 2) the injured third party was on the land with the consent of the vendee; 3) the vendee must not have known of the condition or risk; and 4) the vendor knows or has reason to know of the condition, realizes or should realize the risk involved and has reason to know the vendee will not discover the risk. Plaintiffs argue they need to conduct discovery relative to these requirements and have not yet had the opportunity to obtain discovery from Defendant. (Weiner Aff. ¶ 4.)

The Court finds that as this motion was brought prior to the close of discovery, Plaintiff should be afforded the opportunity to conduct discovery relevant to the issue of the liability of a former owner of real estate.

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment [Doc. No. 13] is DENIED pursuant to Federal Rule of Civil Procedure 56(f)(2). Plaintiff shall be allowed to conduct additional discovery as outlined in this Memorandum Opinion.

Date:  April 14, 2010

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court